By the Chancellor.
The plaintiff had his election, in the first instance, to commence his action at law, or to come into equity for his proportion of the surplus of the trust fund ; and, if he had preferred the lattey, no objection could have been made to the jurisdiction of the Court; but, as he preferred the former, he is bound by its consequences 5 and this makes it necessary to inquire, 1, Whether he was bound, under the peculiar circumstances of this case, to sue the makers of the note at law before he could sue the assignor; 2. If he was not, whether he should not then have prosecuted his appeal; and, 3. If he was, whether he might still come into equity, notwithstanding the judgment. As to the first question, it is true that ever since the case of Machias against Davis, 2 Wash. 219. the general rule of law has been understood to be, that the maker of an assigned bond must be sued before the assignor. And so with respect to notes ever since the case of Lee against Love & Co. 1 Call, 499.: but I understand this only as a general rule, growing out of the nature of the transaction, that the assignee ,of a note or bond, takes it upon this implied condition, that he will look to the maker in the first instance, in the same manner as the promisee or obligee would have done; and, therefore, the general rule does not require that the assignee should do more than a *457 diligent promisee or obligee might be expected to do: and hence, if the maker of a note or bond be so notoriously insolvent, that a diligent promisee or obligee would not probably bring a suit against him, why should the assignee? Surely he should not, as it would be to the injury of the assignor, by subjecting him to the costs occasioned thereby; and might he very injurious to the assignee, if the assignor in the mean time should become 'insolvent: so that; I hold it to be the law, that as the object of the suit by the assignee against the maker of a note or bond, is to ascertain his ability to pay the money ; that if his inability can be ascertained, to every reasonable certainty, by any other means, there is no necessity of a suit against him, and recourse may be had, in the first instance, under such circumstances, to the assignor. As in this case; the plaintiff proved, by a deed regularly recorded, in November, 1802, that Austin and Anderson had made a conveyance of all their property, for the benefit of their subscribing credii,ors ; and he also proved, that neither he nor the defendant liad subscribed ; that Austin and Anderson had not paid one single instalment; that the whole of their property •would not pay 6s. 8d. in the pound of their debts to the subscribing creditors; that Austin had not been in any employment by which he could have made any thing to pay new subscribing creditors ; and that Anderson was notoriously insolvent, and in the Penitentiary of Philadelphia': yet the County Court said, that this proof of the inability of the makers of the note was not sufficient, and that nothing less than a judgment against them, and an execution returned nulla bona would do; but in this that Court certainty erred, and the question was very correctly saved by a bill of exceptions, upon which the Superior Court of Law must decide, and there can be no doubt as to what that decision will be; for the Court where the law is settled in the last resort is not understood to have said, that nothing less than an execution returned nulla bona will do to prove ‘ *458 the inability of the maker, but that that is sufficient; still leaving every case to stand upon its own circumstances: and, I am clearly of opinion, that the circumstances in this case, furnish as unequivocal proof of the insufficiency of the makers to pay, as the return of an execution nulla bona would do ; for, at no period since the assignment in September, 1803, Gould an execution of any kind against the makers, have produced any thing; and, on that account, the assignor should be held to his guaranty of the note. And, therefore, as to the second point, upon the authority of Terrell against Dick, 1 Call, 546. the plaintiff should have prosecuted his appe'al at law, and upon that ground, should not have brought the present bill. And as to the third point, from what has been said, there is no necessity to decide it; but, as it was discussed by counsel, and I have examined the subject, it may save time hereafter, • to> settle it now. The law is, that by matter of record all parties are estopped, so that a .man shall not be allowed to make an averment contrary to a record :. and, if a deed be enrolled of record, the party is estopped to say that it is not his deed, or that it was not acknowledged by him; but when the truth is apparent on the record, the adverse par» ty shall not be estopped to take advantage thereof, for he 'cannot be.estopped to allege the truth when it appears of record. So that where the record is general,- and does not disclose the ground of decision, the bar created thereby is as general; but where the record leads to the ground of decision, it is no farther a bar, than as to that ground; for; that is all that has been decided, and so far, and no farther, it is a bar; as for example s if the law was, as decided by the County Court, that in no case could the assignor be sued, without a suit first against the maker, and a return upon a fieri facias of nulla bona, this decision would he a bar to another action against the assignor, before a sujt against the makers; but it would be no bar to a suit against them, nor afterwards to a suit against the assignor: andj *459 therefore, if the plaintiff’s remedy whs not at law, his bill ¿night be entertained in equity, notwithstanding the judgmerit-
The bill would Have been dismissed, but the parties agreed-